NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STUDIO TRANSPORTATION DRIVERS, LOCAL #399 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, on behalf of members formerly employed by defendants; BERNARD ANGELES, JR.; JAMES DEPUE; MICHAEL DEPUE; BURT MELCHER; and CRAIG WALENDY, <br><br> Plaintiffs–Appellants/Cross-Appellees, <br><br> v. <br><br> HAPPY HOURS PRODUCTIONS, LLC, a Nevada limited liability company; et al., <br><br> Defendants, <br><br> and <br><br> ENTERTAINMENT MEDIA SPECIALISTS, INC., a Florida corporation, <br><br> Defendant–Appellee/Cross-Appellant. | Nos. 09-56947 & 09-56997 <br><br> D.C. No. 08-CV-01117-JVS <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeals from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 14, 2011
Pasadena, California

Before:  KLEINFELD, LUCERO,[**] and GRABER, Circuit Judges.

Studio Transportation Drivers, Local 399 of the International Brotherhood of Teamsters ("Local 399")—and five of its members appeal a grant of summary judgment in favor of Entertainment Media Specialists, Inc. ("EMS").  EMS cross-appeals the denial of its motion to disqualify counsel for the appellants.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Local 399 and several individual plaintiffs brought suit against EMS to recover unpaid wages stemming from a film production.  Plaintiffs alleged that EMS, the payroll company for the production, was their employer.  Plaintiffs also claimed that EMS adopted a collective bargaining agreement by its conduct and is liable for breach of that agreement.

The district court correctly held that EMS was not an employer under

_____

[**] The Honorable Carlos F. Lucero, United States Circuit Judge for the Tenth Circuit, sitting by designation.

2

California law and is therefore not liable for wages. In Futrell v. Payday California, Inc., 119 Cal. Rptr. 3d 513 (Ct. App. 2010), the California Court of Appeal held that a similar payroll company was not an employer. Appellants provide no reason to depart from that conclusion.

Appellants also challenge the district court's denial of their motion for leave to file a second amended complaint and the court's grant of attorney fees to EMS as the prevailing party. However, appellants concede that these rulings were correct to the extent that EMS was not an employer. Having affirmed the district court's conclusion on that score, these arguments necessarily fail.

With respect to their collective bargaining claim, appellants were given an opportunity below to advance the argument they assert on appeal but affirmatively declined to do so. They have therefore abandoned the issue. See BankAmerica Pension Plan v. McMath, 206 F.3d 821, 826 (9th Cir. 2000).

Finally, we conclude that the district court permissibly declined to disqualify counsel for appellants. Because "the district court has primary responsibility for controlling the conduct of attorneys practicing before it," we will not reverse a district court's ruling on a motion to disqualify

3

"unless the court either misperceives the relevant rule of law or abuses its discretion." Paul E. Iacono Structural Eng'r, Inc. v. Humphrey, 722 F.2d 435, 438 (9th Cir. 1983) (citations omitted). The district court identified the correct legal standard for disqualification, the preservation of "public trust in the scrupulous administration of justice and the integrity of the bar." People ex rel. Dep't of Corps. v. Speedee Oil Change Sys., Inc., 980 P.2d 371, 378 (Cal. 1999). Further, the district court's application of this standard was supported by the record.

**AFFIRMED**.